**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | |
|---|---|
| CARPENTERS DISTRICT COUNCIL<br>OF KANSAS CITY PENSION FUND, | )<br>)<br>) |
| a Trust Fund, | )<br>) |
| and | )<br>) |
| TERRY L. DAVIS, and JEFFREY CHAIKIN,<br>TRUSTEES OF THE CARPENTERS<br>DISTRICT COUNCIL OF KANSAS CITY<br>PENSION FUND, | )<br>)<br>)<br>)<br>) |
| and | )<br>) |
| CARPENTERS DISTRICT COUNCIL OF<br>KANSAS CITY AND VICINITY<br>WELFARE FUND, | )<br>)<br>)<br>) |
| a Trust Fund, | )<br>) |
| and | )<br>) |
| TERRY L. DAVIS, and JEFFREY CHAIKIN,<br>TRUSTEES OF THE CARPENTERS<br>DISTRICT COUNCIL OF KANSAS CITY<br>AND VICINITY WELFARE FUND, | )<br>)<br>)<br>)<br>) |
| and | )<br>) |
| CARPENTERS DISTRICT COUNCIL OF<br>KANSAS CITY AND VICINITY<br>APPRENTICESHIP AND TRAINING FUND, | )<br>)<br>)<br>) |
| a Trust Fund, | )<br>) |
| and | )<br>) |

| | |
|---|---|
| TERRY L. DAVIS, and JOSEPH E. PINK, TRUSTEES OF THE CARPENTERS DISTRICT COUNCIL OF KANSAS CITY AND VICINITY APPRENTICESHIP AND TRAINING FUND, | ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) ) |
| D.M. WARD CONSTRUCTION COMPANY, | ) ) ) ) |
| Defendant. | ) |

Case No. 06-00903-CV-W-NKL

## ORDER

Pending before the Court is Plaintiffs' Motion for Summary Judgment [Doc. # 22]. For the following reasons, Plaintiffs' motion is GRANTED.

**I.  Facts**

The following facts are undisputed.  Plaintiffs ("Carpenters") are three union trust funds ("Trusts") and their respective trustees who allege that Defendant D.M. Ward Construction Company, Inc. ("D.M. Ward"), failed to make required fringe benefit contributions as required under their collective bargaining agreements ("Agreement"). The Trusts are employee benefit plans within the meaning of ERISA.  29 U.S.C. § 1003(a)(3).  On March 15, 1985, D.M. Ward agreed to be bound by the terms of the Agreement.  (Kansas City Contract Stipulation, Ex. A).  During July 2006, the Construction Benefits Audit Corporation ("CBAC") performed an audit on D.M. Ward's accounts for the period February 1, 2005 to June 30, 2006.  The audit showed that D.M.

2

Ward failed to make contributions to the Trusts in the amount of $73,209.03, plus applicable liquidated damages and interest. (CBAC Orig. Audit). D.M. Ward contested the classification of certain supervisor employees as eligible for fringe benefit contributions; and two revisions of the original CBAC audit followed. Carpenters and D.M. Ward do not dispute that $26,934.65 is the correct amount of unpaid benefits. (Pl. Br. ¶ 17; Def. Br. ¶ 16). Carpenters also request $5,386.94 in liquidated damages; $3,016.23 in interest and $3,557.50 in audit costs. (Pl. Br. ¶¶ 18-20). Carpenters also request $14,603.30 in attorneys' fees. Carpenters are bringing this action under ERISA §§ 502, 515. Section 515 provides that:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement. 29 U.S.C. 1145.

Section 502(g) sets forth the statutory remedies for violation of Section 515:

> In any action under this title by a fiduciary for or on behalf of a plan to enforce section 515 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan –
> (A) the unpaid contributions,
> (B) interest on the unpaid contributions,
> (C) an amount equal to the greater of –
> (i) interest on the unpaid contributions, or
> (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
> (E) such other legal or equitable relief as the court deems appropriate. For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section

3

6621 of the Internal Revenue Code of 1954.

29 U.S.C. § 1132(g)(2).

## II. Discussion

### A. Summary Judgment

Summary judgment is proper if the evidence, viewed in the light most favorable to the nonmoving party, indicates there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Castillo v. Ridge*, 445 F.3d 1057, 1060 (8th Cir. 2006), citing *Gipson v. Immigration and Naturalization Service*, 284 F.3d 913, 916 (8th Cir. 2002). The summary judgment rule is intended "to isolate and dispose of factually unsupported claims" and should be applied to accomplish this purpose. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-324 (1986). When a party moving for summary judgment points out an absence of evidence on a dispositive issue for which the non-moving party bears the burden of proof at trial, the non-moving party must "go beyond the pleadings and by [his] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-25 (1986) (internal quotations and citation omitted). Thereafter, summary judgment is mandated against the non-moving party who fails to make a showing sufficient to establish a genuine issue of fact for trial. *Id.* at 322, 324-25. The party opposing a motion for summary judgment must rely on more than conclusory statements or allegations unsupported by facts. *Davis v. U.S. Bancorp*, 383 F.3d 761, 765 (8th Cir. 2004) (citation omitted). The Court must

4

consider all inferences drawn from the underlying facts in a light most favorable to the party opposing the motion, and resolve all reasonable doubts against the moving party. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 255 (1986).

### B.     Remedies Available under ERISA and the Agreement

Article V(7) of the Agreement provides:

> [T]he trustees of this fringe benefit program have broad powers to insure the collections of contributions and the preservation of the trust, including, but not limited to, requiring employers to put up advance cash deposits, imposition of assessments and/or liquidated damages, recovery of costs and instituting legal action in the courts against delinquents.  If it becomes necessary for the trustees to file suit against an employer for delinquent fringe benefit monies due[], the employer agrees to pay, in addition to liquidated damages, all litigation costs, including a reasonable attorney fee.

When an employer violates Section 515, ERISA provides the fiduciary plan administrator with the right to sue to force the employer to make unpaid contributions, as well as for prejudgment interest plus liquidated damages in an amount at least equal to that interest. *See* 29 U.S.C. § 1132(g); *Laborers Health & Welfare Trust Fund v. Advanced Lightweight Conc.*, 484 U.S. 539, 547 (1988).  The legislative history of these provisions explains that Congress added these strict remedies to give employers a strong incentive to honor their contractual obligations to contribute and to facilitate the collection of delinquent accounts.  *Id*.

D.M. Ward does not dispute that it is bound by the terms of the Agreement nor does it dispute that it is a "delinquent" under those terms.  D.M. Ward instead argues summary judgment is not appropriate because 1) it is entitled to a credit for a "COBRA

5

payment regarding Carpenters employee Theron Johnston in the amount of $1,671"; 2) Carpenters are not entitled to liquidated damages, interest or audit costs "where the CBAC Original Audit was not accurate and had to be revised several times"; and, 3) Carpenters should not be awarded attorneys' fees for performing unnecessary legal work. (Def. Br., 13-14; Ward Affidavit ¶¶ 15-16). According to D.M. Ward, these costs would never "have been incurred had the Plaintiffs listened to Ward at the outset . . . ." *Id.* at 14.

First, there is no authority under ERISA or the Agreement for D.M. Ward to set off contributions made on behalf of Carpenters employee, Theron Johnston.[1] Unless collective bargaining agreements or plan documents specifically provide for credits against required payments, an employer may not be excused from making those payments. *See Beros v. Wechsler Coffee Corp.*, 1983 U.S. Dist. LEXIS 11266 (W.D. Pa. 1983). Allowing an employer to deduct the amount of an overpaid contribution from the amount owed to the fund would not only reduce the aggregate amount owed to the Trust under the statute, but also reduce the amount of liquidated damages and/or interest to which the Trust is statutorily entitled. *Teamsters Pension Trust Fund v. Phila. Fruit Exch.*, 603 F. Supp. 877, 881 (E.D. Pa. 1985). D.M. Ward must, therefore, recover its payment for $1,671 through the "appropriate internal procedures" as described by

---

[1] Section 403(c)(2)(A) of ERISA, provides that "in the case of a contribution . . . made by an employer to a multi-employer plan by mistake of fact or law . . . [ERISA] *shall not prohibit the return of such contributions* . . . to the employer . . . ." 29 U.S.C. § 1103(c)(2)(A) (emphasis added). This statutory provision permits employers to recover mistakenly paid contributions. *See Central States v. Wholesale Produce Supply*, 478 F. Supp. 884 (D. Minn.), *aff'd*, 611 F.2d 694 (8th Cir. 1979); *see also E.M. Trucks, Inc. v. Central States*, 517 F. Supp. 1122 (D.Minn.1981). However, D.M. Ward does not claim that it mistakenly paid benefits.

6

Carpenters. *See Beros v. Wechsler Coffee Corp.*, 1983 U.S. Dist. LEXIS 11266 (W.D. Pa. 1983).

Second, D.M. Ward is liable for all audit costs under ERISA and the Agreement, even if it cooperated during the audit. Employers are not entitled to a "set off" for "unnecessary" audit costs where the plaintiff proves delinquency in making fringe benefit contributions. *See Chicago Tile Inst. Welfare Trust v. Ability Floors*, 1992 U.S. Dist. LEXIS 2211 (N.D. Ill. 1992) ("The initial audit was necessary because of defendants' failure to make proper reports and contributions . . . The plaintiffs had a tenable basis for seeking recovery of contributions for all employees on the Tile Installation payroll . . . Under these circumstances we find that the audit costs were reasonable and should be allowed in full."); *Bonilla v. KDH Backhoe Serv.*, 2006 U.S. Dist. LEXIS 80581 (N.D. Cal. 2006); *IBEW, Local Union No. 196 v. Internet Constr., Inc.*, 2004 U.S. Dist. LEXIS 25691 (N.D. Ill. 2004). Because D.M. Ward does not dispute its failure to pay benefits between February 1, 2005 and June 30, 2006, judgment for Carpenters is appropriate as to full audit costs.

Finally, D.M. Ward contests an award of attorneys' fees for Plaintiffs' unnecessary depositions related to the additional audits. The Court concludes, however, that D.M. Ward has failed to establish that the depositions taken during this collection process were unnecessary. The attorneys' fee requested by Carpenters is reasonable. *See Greater St. Louis Constr. v. AGR Constr. Co.*, 2007 U.S. Dist. LEXIS 62363 (E.D. Mo. 2007) (awarding $10,164.00 in attorneys' fees on a recovery of $20,651.79).

7

Accordingly, it is hereby ORDERED that:

Carpenters' Motion for Summary Judgment [Doc. # 22] is GRANTED.

                                                                       s/ Nanette K. Laughrey  
                                                                       NANETTE K. LAUGHREY  
                                                                       United States District Judge

Dated: December 14, 2007  
Jefferson City, Missouri